813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clayton F. MARSHALL, Plaintiff-Appellant,
v.
BABCOCK & WILCOX, A Corporation a wholly owned subsidiary of
McDermott International, Inc., Defendant-Appellee.
 No. 86-3055.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1986.
Decided March 2, 1987.
 
 Before RUSSELL, WIDENER and WILKINSON, Circuit Judges.
 Mozart G. Ratner, Arthur M. Schiller, W.G. Smith, on brief, for appellant.
 William Alexander Ziegler, Ruth A. Bourquin, Sullivan & Cromwell, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Clayton F. Marshall appeals the district court's grant of summary judgment in this action brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. We agree with the reasoning of the district court and affirm.
 
 
 2
 Marshall commenced employment at defendant Babcock and Wilcox in August 1963, and served at the defendant's Wilmington, North Carolina facility from 1978 until 1983, where he occupied the position of Manager, Industrial Relations. On February 18, 1983, Marshall received notice, along with seven other employees, that he was to be terminated in a reduction of work force at the facility.
 
 
 3
 On March 7, 1983, Marshall telephoned the office of the New Hanover Human Relations Commission (NHHRC) in order to file an age discrimination complaint challenging both his termination and the defendant's termination allowance policy. On March 10, 1983, Marshall met personally with two staff employees at the NHHRC office to discuss his claim. These employees discouraged Marshall from filing a charge, asserting that they believed based on the case precedent that he could not recover under the ADEA. Marshall did not file a written charge with the NHHRC at this interview.
 
 
 4
 On March 12, 1984, more than one year after his termination by the defendant, and well beyond the filing time required by the statute,[1] Marshall filed a formal written charge of discrimination against the defendant with the NHHRC. He filed a charge at this time because one of the two staff employees at the NHHRC with whom he had spoken on March 10, 1983, advised him that there might be some merit to his complaint. The charge was referred to the Equal Employment Opportunity Commission (EEOC) and was amended by Marshall on April 18, 1984.
 
 
 5
 On February 15, 1985, Marshall filed the instant lawsuit in federal court, alleging that the defendant discriminated against him on the basis of age with respect to his termination, the denial of a transfer and certain termination benefits. Thereafter, by letter dated March 21, 1985, the EEOC notified Marshall that because of this lawsuit it was not proceeding further on his charge.
 
 
 6
 The defendant filed a motion for summary judgment, contending that Marshall failed to file a timely written charge of discrimination within the requirements of section 626(d) of the ADEA. The district court issued two orders and a judgment granting the defendant's summary judgment motion and dismissing the action. In granting summary judgment, the district court ruled that "erroneous advice by the EEOC or its agents with regard to the substantive merits of an employee's claim (as opposed to his procedural rights under the ADEA) does not constitute exceptional circumstances warranting equitable tolling of the time period for filing a charge with the EEOC."[2] In so ruling, the district court determined that "there is a great deal of difference between a statement about the merits of an employee's case and a statement regarding his right to bring suit under the ADEA." (Emphasis in original). It found that nothing in the record indicated that NHHRC employees prevented Marshall from filing a charge or misinformed him of the time limits for filing, and that Marshall never alleged that he was unaware or misled as to the time limits.[3] We see no error in the district court's conclusion that Marshall's failure to file a timely charge of discrimination is not subject to equitable tolling.
 
 
 7
 Accordingly, we deny Marshall's motions for summary reversal and for costs, expenses and reasonable attorneys' fees, and affirm the judgment below. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.
 
 AFFIRMED.[4]
 
 
 [1]
 The district court noted that the parties disagreed as to whether the time for filing Marshall's charge was 180 days or 300 days. 29 U.S.C. Sec. 626(d)(1) and (2). The district court found it unnecessary to address the issue because Marshall filed his charge well beyond even the 300-day period
 
 
 [2]
 In reaching this conclusion, the district court first found that the NHHRC was an agent of the EEOC and was authorized to receive a filed charge of discrimination on its behalf. 29 U.S.C. Sec. 626(d) 628 and 633(b), 29 C.F.R. Sec. 1601.13(c). The court then found that Marshall's oral complaints to the staff employees at the NHHRC office on March 10, 1983, did not constitute a timely filed charge because this Court has held that the required charge must be in writing. Greene v. Whirlpool Corp., 708 F.2d 128, 130 (4th Cir.1983), cert. denied, 464 U.S. 1042 (1984). Since Marshall did not file his written charge with the NHHRC until March 12, 1984, more than one year after his termination and well beyond the filing time contained in section 626(d) of the ADEA, the district court determined that his charge will be considered to have been timely filed only if Marshall can show that the time period for filing should be equitably tolled
 
 
 [3]
 The district court also rejected Marshall's alternative argument that the defendant's actions constituted a "continuing violation" because its policy regarding termination allowance continued long past his discharge. Marshall does not contest this on appeal
 
 
 [4]
 We have also considered the post-argument submission of authority by the parties